Paul J. Valentine – 029393
pvalentine@jsslaw.com
Andy J. Chambers – 023146
achambers@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Plaintiff/Creditor Wendy Hall*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 Proceedings |
| Scott Welty, | Case No. 2:16-bk-11089 (BKM) |
| Debtor. | Adversary No. 2:17-ap-00125 |
| Wendy Hall, | **MOTION FOR RULE 2004 PRODUCTION OF DOCUMENTS DIRECTED TO BANK OF AMERICA, N.A.** |
| Plaintiff, | |
| vs. | |
| Scott Welty, | |
| Defendant. | |

Movant Wendy Hall ("<u>Movant</u>"), though undersigned counsel, moves the Court for entry of an Order under Federal Rule of Bankruptcy Procedure, Rule 2004, directing Bank of America, N.A. to produce the documents identified in **Exhibit A** attached hereto to Jennings, Strouss & Salmon, PLC, One East Washington Street, Suite 1900, Phoenix, Arizona 85004-2554, on a date and time agreeable to the parties, or on no less than 21 days' notice.

Bankruptcy Rule 2004(a) provides, in pertinent part, that "[o]n motion of any party in interest, the Court may order the examination of any entity." Rule 2004(b) states that

the examination may relate to, among other things, "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the Debtor's estate or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(a). The Rule likewise authorizes the production of documents. Fed. R. Bankr. P. 2004(c).

The scope of a Rule 2004 examination is "unfettered and broad" as the wording of the Rule indicates. *See* 9 Collier on Bankruptcy ¶ 2004.02 [1] at 2004-6 (15th ed. rev. 2001) (quoting *In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985)). Indeed, the scope of a Rule 2004 examination is far broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. *In re Lang*, 107 B.R. 130, 132 (Bankr. N.D. Ohio 1989). Examinations under Rule 2004 may include within their scope, among many other things, any matter which may affect "the administration of the Debtor's estate" and, in a Chapter 11 case, any matter relevant to the case. *In re Brazemore*, 216 B.R. 1020, 1023 (Bankr. S.D. Ga. 1998).

By way of this Motion, Movant seeks to obtain documents from Bank of America, N.A. about the financial activity of Debtor Scott W. Welty ("Debtor") in the months prior to and since the filing of Debtor's Petition. These topics may impact both property of the estate and the administration of the Debtor's estate and are therefore proper subjects of a Rule 2004 motion.

Accordingly, Movant requests that the Court grant the Motion and order Bank of America, N.A. to produce the requested documents within the time frame noted above. A proposed form of order granting this Motion is lodged contemporaneously herewith.

DATED this 7th day of June, 2017.

                              JENNINGS, STROUSS & SALMON, P.L.C.

                              By: /s/ Andy J. Chambers
                                  Paul J. Valentine
                                  Andy J. Chambers
                                  *Attorneys for Plaintiff/Creditor Wendy Hall*

## CERTIFICATE OF SERVICE

I certify that on June 7th, 2017, I electronically transmitted the foregoing Motion for Rule 2004 Production of Documents Directed to Bank of America, N.A., using the CM/ECF System. I also mailed a copy of the foregoing to the following:

Scott Welty
7921 E. Glade Ave.
Mesa, AZ 85209

Adam E. Hauf, Esq.
Hauf Law, PLC
4225 W. Glendale Ave.
Suite A-104
Phoenix, AZ 85051
*Counsel for Debtor*

Edward J. Maney
101 N. First Ave., Suite 1775
Phoenix, AZ 85003
*Trustee*

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 7th day of June, 2017.

*/s/ Holly Andrews*

# **EXHIBIT A**

**INSTRUCTIONS**

A. For each document which you produce, please designate the paragraph(s) of this Request to which that particular documents is responsive.

B. All documents including electronically stored information ("ESI"), wherever located, which are in the possession, custody or control of the Debtor or of the attorneys, investigators or other persons purporting to act on behalf of Debtor or its attorneys, presently, and/or in the past, must be produced.

C. If, for any reason, you are unable to produce in full any documents requested:

    1. Produce each such document to the fullest extent possible;

    2. Specify the reasons for your inability to produce the remainder; and

    3. State in detail whatever information, knowledge, or belief you have concerning the whereabouts and substance of each document not produced in full.

D. If any document requested was at any time in existence, but is no longer in existence, please state, specifying for each such document:

    1. The nature of the document (i.e., letter, memorandum, etc.);

    2. The information contained therein;

    3. The date on which it ceased to exist;

    4. The circumstances under which it ceased to exist;

    5. The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

    6. The identity of all persons who have, or had, knowledge of the contents thereof.

E. For each document requested which you are unable to produce but which was at any time within your possession, custody or control, or to which you had access at any time, specify in detail:

    1. The nature of the document (i.e., letter, memorandum, etc.);

    2. The author or initiator of the document;

    3. All recipients or intended recipients of the document and any copies thereof;

    4. A summary of the information contained in the document;

    5. The date on which you lost, relinquished or otherwise ceased to have possession, custody, control of, or access to, the document;

    6. Identify all persons having knowledge of the circumstances whereby you lost, relinquished or otherwise ceased to have possession, custody, or control of, or access to, the document; and

    7. Identify all persons who have, or had, knowledge of the contents of the document, in full or in part.

F. In the event you seek to withhold or do withhold any document, in whole or in part, on the basis that it is not subject to discovery, produce a list of all such documents and, as to each such document, state:

    1. The name of each author, writer, sender or initiator of the document;

2. The name of each recipient, addressee or party to whom such document was sent or intended to be sent;

3. The name of each and every person who received a copy of the document;

4. The date of the document or, if no date appears on the document, the approximate date when the document was prepared;

5. The title of the document or, if it has no title, then such other description of the document and its subject matter as shall be sufficient to identify the document; and

6. The grounds claimed for withholding the document from discovery (e.g., attorney-client privilege, work product, or any other grounds) and the factual basis for such a claim.

G. ESI must be produced in its native format, including all meta data.

H. This Request is a continuing one, and asks that you produce all documents responsive to this Request whenever you obtain or become aware of the, even if they are not in your possession or available to you on the date you first produced the documents pursuant to this Request.

## **DEFINITIONS**

1. "Bank account(s)" is used herein and shall be construed in the broadest sense possible, and encompasses any and all types of accounts, including but not limited to checking, savings, credit card, certificates of deposit, investment, retirement, IRA, mutual funds, stock, trust, and money market accounts, with any financial or depository institution wherever situated.

2. "Documents" is used herein and shall be construed in the broadest sense possible, and generally means any handwritten, printed or electronically stored writing, records, correspondence, letter, electronical mail, facsimile, memorandum, report, note, publication, certificate, analysis, drawing, map, invoice, receipt, legal pleading, check, draft, log, diary, telegram, transcript, statements of witnesses or persons having knowledge of relevant facts, copies of such materials, contracts, agreements, and all other tangible handwritten or printed writings of any kind, as well as any preliminary draft thereof.

## **DOCUMENTS TO BE PRODUCED**

1. All documents in any way related to, concerning, or involving any bank account with Bank of America, N.A. held in the name(s) of "Scott W. Welty, Scott Welty, or Artistic Floors & Construction, LLC," **from June 1, 2016 to present,** including but not limited to account numbers ending in 6176, 2979, 5580, 7544, 8404, and 1767, including without limitation all account paperwork, documents evidencing the authorized signer(s) on the account, canceled checks, deposit slips, withdrawal slips, and monthly account statements from account inception to present. Scott W. Welty's Social Security Number is XXX-XX-6844. The EIN for Artistic Floors & Construction, LLC is 26-0379133.