Paul J. Valentine – 029393
pvalentine@jsslaw.com
Andy J. Chambers – 023146
achambers@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Plaintiff/Creditor Wendy Hall*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 Proceedings |
| Scott Welty, | Case No. 2:16-bk-11089 (BKM) |
| Debtor. | Adversary No. 2:17-ap-00125 |
| Wendy Hall, Plaintiff, Vs. Scott Welty, Defendant. | **AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(B), and (a)(5)** |

Plaintiff/Creditor Wendy Hall ("Ms. Hall") seeks a determination, pursuant to 11 U.S.C. §§ 523(a)(2)(B) and (a)(5), that the debts and financial obligations of Defendant/Debtor Scott Welty ("Debtor") under a 2014 Consent Decree of Dissolution and an associated Settlement Agreement (collectively the "Consent Decree")[1] are not subject to discharge.

---

[1] A true and correct copy of the Consent Decree is included with Ms. Hall's Proof of Claim at Claim Doc. 2-1, all of which is incorporated herein by this reference.

5671337v1(66115.1)

## JURISDICTION AND VENUE

1. On September 27, 2016 (the "Petition Date"), the Debtor filed his Voluntary Petition for relief under Chapter 13 of the United States Bankruptcy Code.

2. This Court has jurisdiction over this proceeding under Chapter 11 of Title 11 of the United States Code ("Code"), pursuant to 28 U.S.C. §§ 151, 157, and 1334.

3. This adversary proceeding was commenced pursuant to §§ 105(a), 523 and 1328 of the Code, and to Fed. R. Bankr. P. 7001, *et seq.*

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409, because the adversary proceeding arises under the Code and arises in, or relates to, a case pending in this District under the Code. Because the Debtor purports to be a resident of Maricopa County, Local Bankr. R. 1071-1(b) dictates that the matter be handled by this Division.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (J). To the extent that this is not a core proceeding, Ms. Hall consents to this Court's entry of final orders and judgment.

## PARTIES

6. Ms. Hall is an individual residing in Maricopa County, Arizona.

7. Debtor Scott Welty is an individual residing in Maricopa County.

## GENERAL ALLEGATIONS

8. Ms. Hall was formerly married to the Debtor, and they have three children together.

9. The marriage between Ms. Hall and Debtor was legally dissolved under the Consent Decree, entered by the Arizona State Court on December 3, 2014 in the matter captioned *Hall v. Welty*, Arizona Superior Court for Maricopa County, Case No. FC2014-095371 (the "State Court Proceeding").

10. Pursuant to the Consent Decree, the Debtor is required to pay to Ms. Hall certain nondischargeable domestic support payments (collectively the "Domestic Support

Obligations"), as follows:

    a.    Child support of $750 per child (3 children=$2,250) per month;

    b.    Spousal support of $2,500 per month for ten (10) years; and

    c.    Additional spousal support payments totaling $65,000, in the form of annual retirement account contributions in the amount of $6,500 for a period of ten (10) years.

11. In addition, as part of a settlement negotiated by Debtor in conjunction with the Consent Decree, Debtor was awarded the profitable family flooring business known as Artistic Floors and Construction (the "Family Business") in return for Debtor's promise to pay Ms. Hall the buy-out sum of $150,000 ("the Buy-out Obligation"), payable in three annual installments of $50,000 starting November 25, 2015 (the "Buy-out Installments").

12. Ms. Hall relied on the terms of the Consent Decree, other written financial statements submitted by Debtor, including a sworn *Parent's Worksheet for Child Support* filed on November 26, 2014 (the "Parent's Worksheet"; copy enclosed at **Exhibit A**) and a *Child Support Worksheet* filed on December 3, 2014 (the "Child Support Worksheet"; copy enclosed at **Exhibit B**), and the Debtor's representations therein, when Ms. Hall agreed to relinquish her interest in the profitable Family Business to Debtor.

13. Debtor materially defaulted under the Consent Decree by, among other things, not paying the first Buy-out Installment of $50,000 in November 2015 and not making the required annual retirement account contributions.

14. Accordingly, Ms. Hall filed an action to enforce the Consent Decree in the State Court Proceeding.

15. Ms. Hall's petition to enforce the Consent Decree was set for trial/evidentiary hearing on September 28, 2016.

16. On September 27, 2016 (i.e. one day before the Petition Date), Debtor filed his voluntary petition for bankruptcy relief.

17. Upon information and belief, Debtor's Petition was not filed in good faith.

18. As of the Petition Date, and exclusive of Debtor's continuing monthly Domestic Support Obligations, Debtor owed Ms. Hall the sum of $223,392.83, which is itemized as follows:

    $58,000.00   Unpaid spousal support obligation for retirement contributions
$150,000.00   Buy-out for family business
  $15,308.07   Attorneys' fees incurred to enforce the Consent Decree
   $2,084.76   Accrued legal interest

See, Ms. Hall's Proof of Claim at Claim Doc. 2-1.

19. Debtor testified under oath that he allegedly did not even read the Consent Decree that he signed and submitted to the State Court, demonstrating that Debtor had no intent to honor or otherwise take seriously the promises, terms and representations in the Consent Decree.

20. Debtor admitted under oath to purchasing real estate in December 2015 with a cash down payment, just weeks after defaulting on his obligation to pay the first Buy-out Installment to Ms. Hall.

21. Despite claiming inability to pay his obligations to Ms. Hall, and reporting negative income in his Statement and Schedules, Debtor admitted under oath to spending many thousands of dollars a year on extravagant expenses at the same time he was defaulting on his payment obligations to Ms. Hall, further demonstrating Debtor's fraudulent intent to not honor the commitments contained in the Consent Decree.

### **COUNT TWO – § 523(a)(2)(B)**

22. Ms. Hall incorporates herein by this by this reference the foregoing paragraphs of this Complaint, as if fully set forth herein.

23. Debtor used the Consent Decree, which he signed and submitted to the State Court and to Ms. Hall, along with other written statements regarding his financial condition, including the Parent's Worksheet and the Child Support Worksheet, in order to lure the Family Business away from Ms. Hall.

24. The aforementioned written statements submitted by Debtor contained representations as to income, assets, debts, and promises to pay that were both material to

the transaction and false.

25. The Debtor caused such written statements to be made and published in the context of the State Court Proceeding with intent to deceive Ms. Hall.

26. Ms. Hall reasonably relied on the materially false financial information contained in the written statements submitted by Debtor when agreeing to relinquish to Debtor her valuable interest in the Family Business.

27. As a direct and proximate cause of Debtor luring the Family Business away from Ms. Hall with materially false written statements, Ms. Hall has been injured and damaged in an amount no less than the stipulated value of her former interest in the Family Business, i.e. the Buy-out Obligation in the amount of $150,000, plus prepetition attorneys' fees of no less than $15,308.07 and legal interest no less than $2,084.76.

28. That portion of Ms. Hall's Proof of Claim representing the Buy-out Obligation ($150,000), plus attorneys' fees ($15,308.07) and legal interest ($2,084.76), is nondischargeable pursuant to §523(a)(2)(b).

### **COUNT THREE – § 523(a)(5)**

29. Ms. Hall incorporates herein by this by this reference the foregoing paragraphs of this Complaint, as if fully set forth herein.

30. The remainder of Ms. Hall's Proof of Claim involves the $58,000 outstanding balance of Debtor's support obligation to make contributions to Ms. Hall's retirement account.

31. Debtor's financial obligation to contribute the balance of $58,000 to Ms. Hall's retirement account constitutes a "domestic support obligation" for purposes of the Code.

32. Debtor's financial obligation to contribute the balance of $58,000 to Ms. Hall's retirement account is nondischargeable in this or in any future bankruptcy case pursuant to § 523(a)(5), and is entitled to priority under § 507(a)(1).

33. Additionally, Debtor's continuing Domestic Support Obligations to Ms. Hall under the Consent Decree, including Debtor's monthly child support obligation ($2,250)

and spousal support obligation ($2,500), are nondischargeable in this or in any future bankruptcy case pursuant to § 523(a)(5) of the Code

**RELIEF REQUESTED**

WHEREFORE, Plaintiff/Creditor Wendy Hall requests judgment against Debtor Scott Welty as follows:

A. Adjudging that Plaintiff's pre-petition claim, as stated in Ms. Hall's Proof of Claim at Claim Doc. 2-1, in an amount no less than $223,392.83 is nondischargeable in this or in any future bankruptcy case, pursuant to §§ 523(a)(2)(B) and (a)(5) of the Code;

B. Adjudging that Debtor's continuing Domestic Support Obligations to Ms. Hall under the Consent Decree, including Debtor's monthly child support obligation ($2,250) and spousal support obligation ($2,500), are nondischargeable in this or in any future bankruptcy case, pursuant to § 523(a)(5) of the Code;

C. Adjudging that Debtor's prepetition Domestic Support Obligation for funding of Ms. Hall's retirement account in the amount of $58,000 is entitled to priority under § 507(a)(1);

E. Awarding Ms. Hall her attorneys' fees, costs and expenses incurred in this nondischargeability proceeding; and

F. For such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 8th day of June, 2017.

                      JENNINGS, STROUSS & SALMON, P.L.C.


                      By: /s/ Andy J. Chambers
                          Paul J. Valentine
                          Andy J. Chambers
                          *Attorneys for Plaintiff/Creditor Wendy Hall*

# CERTIFICATE OF SERVICE

I certify that on June 8th, 2017, I electronically transmitted the foregoing Amended Complaint, using the CM/ECF System. I also mailed a copy of the foregoing to the following:

Scott Welty
7921 E. Glade Ave.
Mesa, AZ 85209

Adam E. Hauf, Esq.
Hauf Law, PLC
4225 W. Glendale Ave.
Suite A-104
Phoenix, AZ 85051
*Counsel for Debtor*

Edward J. Maney
101 N. First Ave., Suite 1775
Phoenix, AZ 85003
*Trustee*

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 8th day of June, 2017.

*/s/ Holly Andrews*